# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TAMMY GEORGE

**CIVIL ACTION**

VERSUS

**NO. 15-14-JWD-RLB**

FRESENIUS MEDICAL CARE
NORTH AMERICA ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 4, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

TAMMY GEORGE

CIVIL ACTION

VERSUS

NO. 15-14-JWD-RLB

FRESENIUS MEDICAL CARE
NORTH AMERICA ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court *sua sponte* regarding Plaintiff's failure to serve defendants within the time limitations provided by Rule 4(m) of the Federal Rules of Civil Procedure.

Tammy George ("Plaintiff") filed this proceeding in Louisiana state court alleging that she was discriminated against by her employer Biomedical Applications of Louisiana, LLC ("BMA")[1] and her supervisor Sheryl Wilcutt in violation of the Americans with Disability Act, 42 U.S.C. § 12101, *et seq*., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

BMA removed this action on January 12, 2015.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The referenced Rule further provides that the Court "must extend the time for service for an appropriate period" if the plaintiff is able to show good cause for his failure.

---

[1] BMA alleges in the Notice of Removal that the plaintiff incorrectly identified it in the Petition as Fresenius Medical Care North America.

On May 20, 2015, the court issued an order requiring Plaintiff to show cause, in writing, why her claims asserted against Sheryl Wilcutt should not be dismissed because of her failure to serve the defendant within 120 days as mandated by Rule 4(m). (R. Doc. 12). The court provided Plaintiff with fourteen (14) days to file a written response to the order. The court warned Plaintiff that failure to file a written response to the order within the time allowed may result in the dismissal of her claims against this defendant without further notice from the court.

As of the date of this Report and Recommendation, Plaintiff has not filed any written response or otherwise attempted to comply with the May 20, 2015 Order to Show Cause.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that, pursuant to Local Rule 41(b)(1)(A), Plaintiff's claims against defendant Sheryl Wilcutt should be dismissed, without prejudice, for failure to effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on June 4, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**