UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY GEORGE

VERSUS

FRESENIUS MEDICAL CARE
NORTH AMERICA, ET AL.

CIVIL ACTION

NO. 15-14-RLB

CONSENT CASE

<u>RULING ON MOTION FOR SUMMARY JUDGMENT</u>

Before the Court is defendant Bio-Medical Applications of Louisiana, LLC's ("BMA")[1] Motion for Summary Judgment on the issue of Judicial Estoppel (R. Doc. 20) filed on January 21, 2016.  The motion is opposed. (R. Doc. 22).  BMA has filed a Reply. (R. Doc. 23).

I.     **Background**

This is an employment discrimination action.  Tammy George ("Plaintiff") alleges that while she was employed by BMA as a hemodialysis technician, she was discriminated against by her supervisor and was subjected to a hostile work environment based on her race (African-American) and her disabilities (breast cancer and lymphedema). (R. Doc. 1-1, "Petition," ¶¶ 3, 5).  Plaintiff brings her claims under Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act.

Resolution of the instant motion for summary judgment turns upon whether Plaintiff is judicially estopped from pursuing her claims because she did not report her potential discrimination lawsuit during an earlier bankruptcy proceeding.

On August 17, 2011, Plaintiff filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Middle District of Louisiana and submitted her list of assets. *See In re*

---

[1] BMA asserts that it was wrongly identified as "Fresenius Medical Care North America" in the Petition. (R. Doc. 20 at 1).

*Tammy Taranetta George*, No. 11-11300 (Bankr. M.D. La.) ("*George Bankr.*"), ECF Nos. 1, 2; (R. Docs. 20-4, 20-6).

On August 18, 2011, Plaintiff submitted her bankruptcy plan. *George Bankr.*, ECF No. 10; (R. Doc. 20-8).

On October 28, 2011, Plaintiff amended her list of assets and amended her bankruptcy plan. *George Bankr.*, ECF Nos. 21, 24; (R. Docs. 20-7, 20-9).

On November 18, 2011, the Bankruptcy Court issued an order confirming Plaintiff's debtor plan as amended. *George Bankr.*, ECF No. 25; (R. Doc. 20-10).

On September 11, 2013, Plaintiff filed a Charge of Discrimination with the Louisiana Commission on Human Rights, asserting that the alleged acts of discrimination began on September 4, 2012. (R. Doc. 20-2 at 4).  Plaintiff's Notice of Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") was filed on September 13, 2013. (R. Doc. 20-2 at 3). There is no dispute that Plaintiff did not inform the Bankruptcy Court of the EEOC Charge or otherwise amended her summary of schedules to add the EEOC Charge. (R. Doc. 20-5 at 2-3, George Dep. Tr. 26:24-27:15).

On August 25, 2014, Plaintiff received a Notice of Right to Sue from the EEOC. (R. Doc. 20-2 at 5).

On October 7, 2014, the Chapter 13 Trustee moved to dismiss Plaintiff's bankruptcy action in light of her failure to make payments in accordance with the terms of the bankruptcy plan.  *George Bankr.*, ECF No. 34.  The records submitted by the Chapter 13 Trustee indicate that Plaintiff stopped making any payments in July of 2014.  *Id.* at 2.

On November 4, 2014, the Bankruptcy Court granted the Trustee's motion, which was unopposed, and dismissed Plaintiff's bankruptcy proceeding in light of Plaintiff's non-payments. *George Bankr.*, ECF No. 37; (R. Doc. 20-11).

On November 21, 2014, Plaintiff initiated this action in state court.  (R. Doc. 1-1 at 2-5). Defendant removed the action on January 12, 2015. (R. Doc. 1).

## II.    Law and Analysis

### A.    Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323.  Summary judgment is

appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

**B.      Judicial Estoppel**

Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).  "It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *Id*. at 207-208.  The Fifth Circuit has held that judicial estoppel may be "particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600 (5th Cir. 2005); *see In re Flugence*, 738 F.3d 126 (5th Cir. 2013); *Love v. Tyson Foods, Inc.*, 677 F.3d 258 at 262-264 (5th Cir. 2012); *Kamont v. West*, 83 Fed. App'x. 1, No. 03-60392, 2003 WL 22477703, at *3 (5th Cir. 2003).

The Fifth Circuit looks to the following three criteria when determining whether judicial estoppel is appropriate: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Love*, 677 F.3d at 261.  "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from

4

playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993). The doctrine should not, however, be applied inflexibly or without due consideration for the specific factual context. *Love,* 677 F.3d at 261.

The first prong—whether Plaintiff asserted a legal position in this proceeding which is plainly inconsistent with a prior position asserted in the bankruptcy proceeding—is satisfied. Failure to disclose an EEOC charge to the bankruptcy court satisfies this prong. *See Woodruff v. Enter. Leasing Co. of New Orleans*, No. 10-536, 2012 WL 243436, at *2 (M.D. La. Jan. 25, 2012). That the alleged discrimination and EEOC filing occurred after the initiating of the bankruptcy action is of no event. Plaintiff had a continuing duty to disclose assets obtained during the pendency of her Chapter 13 bankruptcy proceeding. *See* 11 U.S.C. § 1306; *Flugence*, 738 F.3d at 129 ("Chapter 13 debtors have a continuing obligation to disclose post-petition causes of action."). The alleged discrimination, Plaintiff's filing of an EEOC charge, and Plaintiff's receipt of a right-to-sue letter all occurred during the pendency of the bankruptcy proceeding. There is no dispute that Plaintiff never informed the bankruptcy court of her potential discrimination lawsuit, which she filed just weeks after the dismissal of her bankruptcy proceeding. Based on these facts, the first prong is satisfied.

The Court finds, however, that the second prong—whether the bankruptcy court accepted Plaintiff's prior inconsistent position—is not satisfied. Generally speaking, the bankruptcy court can "accept" a plaintiff's prior position without knowledge of the potential lawsuit where the plaintiff's bankruptcy claims are discharged. *See*, *e.g.*, *Woodruff*, 2012 WL 243436, at *2-3. In this action, there was no discharge; instead, the proceeding was dismissed in light of Plaintiff's failure to make payments in accordance with the bankruptcy plan. The effect of a "pre-discharge

dismissal of bankruptcy case" pursuant to 11 U.S.C. § 349(b) "returns the parties to the positions

they were in *before* the case was initiated." *In re Oparaji*, 698 F.3d 231, 237 (5th Cir. 2012)

(quoting *In re Sanitate*, 415 B.R. 98, 104 (Bankr. E.D. Pa. 2009). "[W]hen a debtor fails to

fulfill [her] end of the bargain because of the dismissal of their case, a resulting finding that their

confirmed Chapter 13 plan is terminated serves to prevent a debtor from obtaining the benefit of

those terms in a plan which are advantageous to the debtor." *In re Oparaji*, 698 F.3d at 238

(quoting *In re Hufford*, 460 B.R. 172, 177 (Bankr. N.D. Ohio 2011)).  Plaintiff's bankruptcy

proceeding was dismissed without discharge.[2]  In *Oparaji*, the court explained that the dismissal

of the plan "negated" the bankruptcy court's acceptance of that plan.

At least two district courts in the Fifth Circuit have refused to find judicial estoppel in light of the

analysis in *Oparaji*.  *See Ware v. U.S. Bank Nat. Ass'n*, 131 F. Supp. 3d 573, 576 (S.D. Miss.

2015) (citing *Oparaji*, 698 F.3d at 237-38); *Roden v. Synergy Technologies, Inc.*, No. 13-6753,

2014 WL 2533718 (E.D. La. June 4, 2014) (citing *Oparaji*, 698 F.3d at 237-38).  Accordingly,

Defendants have not established judicial acceptance of Plaintiff's prior position.

Because the second prong is not satisfied, the Court need not consider whether the third

prong—whether Plaintiff acted inadvertently—is satisfied.[3]

---

[2] The Fifth Circuit has subsequently characterized its analysis in *Oparaji*, "whether dismissal of bankruptcy without
discharge constitutes a revocation of acceptance," as dicta.  *See Allen v. C & H Distributors, L.L.C.*, 813 F.3d 566,
573 n.5 (5th Cir. 2015) (distinguishing "dismissal" of bankruptcy proceeding from "closure" of bankruptcy
proceeding without discharge); *see also* 11 U.S.C. § 349 ("Effect of dismissal") and 11 U.S.C. § 350 ("Closing and
reopening cases").

[3] The parties devote a considerable amount of their briefing to this issue. (R. Doc. 20-1 at 8-12; R. Doc. 22; R. Doc.
23).  While the Court does not reach the issue of whether Plaintiff acted with inadvertence, it notes that Plaintiff has
not received any tangible benefit from her failure to disclose the EEOC charge and/or EEOC right-to-sue letter in
the bankruptcy proceeding.  As noted by the Fifth Circuit, "[a]t its core, judicial estoppel is an equitable remedy
[that] must be applied so as to avoid inequity." *In re Oparaji*, 698 F.3d at 238 (quotation omitted).  Accordingly,
even if the bankruptcy court's dismissal of the bankruptcy proceeding "had not negated its earlier acceptance, equity
would still counsel against the application of judicial estoppel." *See id.*

**III.    Conclusion**

For the foregoing reasons, judicial estoppel of Plaintiff's claims in this action is not

merited in light of her failure to disclose those claims in the bankruptcy proceeding.

**IT IS ORDERED** that BMA's Motion for Summary Judgment on the Issue of Judicial

Estoppel (R. Doc. 20) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 27, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**