UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY GEORGE

VERSUS

FRESENIUS MEDICAL CARE
NORTH AMERICA ET AL.

CIVIL ACTION

NO. 15-14-RLB

CONSENT CASE

## ORDER

Before the court is Bio-Medical Applications of Louisiana, LLC's ("BMA") Motion to Exclude Expert Testimony. (R. Doc. 30). Plaintiff filed an Opposition (R. Doc. 41). BMA filed a Reply. (R. Doc. 47).

Also before the Court is Plaintiff's "Motion for Leave to File a Motion to More Particularly Identify Expert Witnesses and Accompanying Reports" pursuant to Rule 26(a)(2)(B) and/or Rule 26(a)(2)(C). (R. Doc. 39). BMA filed an Opposition. (R. Doc. 44).

**I.     Background**

On or about November 21, 2014, ("Plaintiff") filed this proceeding in Louisiana state court alleging that she was discriminated against by her employer Biomedical Applications of Louisiana, LLC ("BMA")[1] and her supervisor Sheryl Wilcutt in violation of the Americans with Disability Act, 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (R. Doc. 1-1). Plaintiff alleges that was subjected to a hostile work environment based on her race (African-American) and her disabilities (breast cancer and lymphedema). BMA removed the action on January 12, 2015. (R. Doc. 1).

---

[1] BMA alleges in the Notice of Removal that the plaintiff incorrectly identified it in the Petition as Fresenius Medical Care North America.

On May 7, 2015, the Court held a telephone scheduling conference with the parties. (R. Doc. 10).  The Court set, among other things, the deadline for Plaintiff to identify experts on October 16, 2015; the deadline for Plaintiff to submit expert reports on November 6, 2015; the deadline to complete expert discovery on February 29, 2016; and the deadline to file dispositive and *Daubert* motions on March 31, 2016.  The trial is scheduled to commence on October 3, 2016. (R. Doc. 10 at 2-3).

On May 18, 2015, the parties consented to proceed before the undersigned for all purposes of the action, including trial. (R. Doc. 11).  Trial remains set to commence on October 3, 2016. (R. Doc. 17).

On July 9, 2015, Plaintiff provided her initial disclosures which identified, among other potential witnesses, "Medical Personnel including Physicians who treated Ms. George and are aware of her physical and emotional [condition] due to the facts and circumstances, as well as disability issues." (R. Doc. 30-2).

On October 5, 2015, Plaintiff supplemented her response to an interrogatory requesting identification of individuals expected to testify at trial, and identified the following five medical professionals and their addresses:

- Dr. Derrick Spell: Physician: Diagnosis for Lymphedema Cancer;
- Betty Blackmon: LP NPC at RKM: mental records;
- Susan Herrod: Mental Health Staff at RKM: mental records;
- Christie Denicola: Mental Health Staff at RKM: mental records; and
- Dr. Kelly Ray: Mental Health Staff at RKM: mental records.

(R. Doc. 30-5 at 5-6).

On October 24, 2015, Plaintiff further supplemented her response to the interrogatory, and identified the following three medical professionals and their addresses:

- Dr. Venu Kakarala: M.[D.] of Zachary Internal Medicine Clinic, LLC: "Pertinent to all health issues regarding Tammy George."

2

- Betty Blackmon: "Diagnosis for anxiety and depression"
- Dr. Derrick Spell: "Chemotherapy, Breast Cancer, & Lymphedema (4-5) pound life limitations"

(R. Doc. 30-6 at 4).

On February 28, 2016, Plaintiff's counsel contacted defense counsel stating that her mother passed away on February 26, 2016, and requesting an informal extension of the "expert witness deadlines." (R. Doc. 30-7). Expert discovery closed the next day.

On March 31, 2016, the deadline to file dispositive motions and *Daubert* motions, the parties filed motions for summary judgment. (R. Doc. 29; R. Doc. 31). Those motions remain pending. BMA also filed its Motion to Exclude Expert Testimony (R. Doc. 30), representing that at the time the motion was filed Plaintiff had not properly disclosed experts or provided any expert reports. In the alternative to an order excluding any expert testimony offered by Plaintiff, BMA suggested that the Court should order Plaintiff to comply with Rule 26(a)(2)(C) and allow for discovery regarding any properly-disclosed expert that need not provide an expert report. (R. Doc. 30-1 at 6-7).

On June 7, 2016, Plaintiff filed an Opposition to BMA's motion to exclude. (R. Doc. 41).[2] Plaintiff argues that if she did not properly disclose her treating physicians as Rule 26(a)(2)(C) experts, the Court should grant her the opportunity to properly disclose those experts. Plaintiff notes that despite having the contact information for each of the disclosed treating physicians, BMA never attempted to depose those treating physicians. Furthermore, Plaintiff argues that there is good cause to grant her an extension of time to disclose experts in

---

[2] Generally, Local Rule 7(g) requires an Opposition to be filed within 21 days of service of the motion. The Court's Scheduling Order in this action, however, set the deadline to respond to any motion in limine for September 8, 2016. On May 17, 2016, the Court ordered Plaintiff to file any Opposition to BMA's motion within 21 days of the date of the Order. (R. Doc. 36). Accordingly, Plaintiff's Opposition filed is timely.

3

light of her counsel's ensuing grief resulting from the loss of her mother. The preceding day, Plaintiff moved for leave to properly disclose her experts and to submit any accompanying reports raising similar arguments to those raised in her Opposition to BMA's motion to exclude. (R. Doc. 39).

On June 5, 2016, BMA filed an Opposition to Plaintiff's Motion for Extension (R. Doc. 44), in which BMA highlights Plaintiff's delay in seeking extensions. (R. Doc. 44). BMA also filed a Reply in support of its Motion to Exclude, arguing that Plaintiff delayed requesting an extension of expert-related deadlines despite having been put on notice of the deficiencies raised in BMA's motion over two months prior to the filing of an opposition. (R. Doc. 47 at 2). In addition, BMA notes that Plaintiff's counsel's personal loss occurred on February 26, 2016, long after the expert disclosure and report deadlines had passed, and just days before the close of expert discovery. (R. Doc. 47 at 2).

On July 20, 2016, the parties filed a proposed pretrial order, in which Plaintiff suggests that she plans on submitting into evidence expert reports by Ms. Blackmon and Dr. Spell. (R. Doc. 48 at 10). Of the six potential experts identified in the supplemental responses to BMA's interrogatory, Plaintiff identifies Dr. Karkarala, Ms. Blackmon, and Dr. Spell on her witness list in the proposed pre-trial order. (R. Doc. 48 at 20).

## II.  Law and Analysis

Under Rule 37(c)(1), if a party fails to provide expert disclosures within the established deadlines, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To be clear, the exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *Red Dot Bldgs. v. Jacob Technology, Inc*., No. 11-1142, 2012 WL

2061904, at *3 (E.D. La. June 7, 2012); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04-354, 2008 WL 3386716, at *2 (M.D. La. Aug. 8, 2008) (noting that exclusion of non-disclosed expert testimony is automatic and mandatory unless the party can show substantial justification or harmlessness).  When determining whether to strike evidence, including expert witnesses, under Rule 37(c)(1), trial courts should look to the same four factors articulated by the Fifth Circuit to determine whether good cause exists to modify a scheduling order under Rule 16 for guidance: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (applying factors to determine whether district court abused its discretion in striking testimony).[3]

There are two types of testifying experts who must be disclosed pursuant to Rule 26—witnesses who must provide a written report pursuant to Rule 26(a)(2)(B) and witnesses who do not provide a written report pursuant to Rule 26(a)(2)(C).  The disclosure of expert witnesses who must provide a written report must be "accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert

---

[3] Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent.  The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  The Court consider four factors in determining whether to allow a party to disclose an expert or submit an expert report beyond the deadline set in the court's scheduling order: "(1) the explanation for the failure to [disclose an expert or] submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)).

5

testimony." Fed. R. Civ. P. 26(a)(2)(B).  The expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (5) a list of cases in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony. Fed. R. Civ. P. 26(a)(2)(B).  Furthermore, expert disclosures must be made "at the times and in the sequence the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Plaintiff did not notify BMA prior to the expert report deadline that she intended to designate any of her treating physicians as experts pursuant to Rule 26(a)(2)(B).  Plaintiff's own motion seeking an opportunity to properly disclose experts and submit any accompanying reports makes no attempt to identify any potential experts pursuant to Rule 26(a)(2)(B).  The first indication to the Court that Plaintiff desired to disclose Ms. Blackmon and Dr. Spell as experts pursuant to Rule 26(a)(2)(B) came in the form of Plaintiff's exhibit list found within the parties proposed pre-trial order. (R. Doc. 48 at 10).  Furthermore, Plaintiff's counsel's personal loss did not occur until over three months after the deadline to provide expert reports.  For the foregoing reasons and in consideration of the factors set forth above, the Court finds no basis for allowing Plaintiff to designate experts pursuant to Rule 26(a)(2)(B) or to provide any accompanying expert reports.

The Court turns to whether Plaintiff's treating physicians were properly designated as experts pursuant to Rule 26(a)(2)(C).  Where an expert witnesses "is not required to provide a written report, [the expert] disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a

summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). There is no dispute that Plaintiff did not provide specific expert disclosures accompanied by resumes as required by the Court's scheduling order. In supplemental responses to discovery, however, Plaintiff identified five "potential" experts on October 5, 2015 (11 days before the disclosure deadline) and one additional "potential" expert on October 24, 2015 (8 days after the disclosure deadline). Of these potential experts, Plaintiff only identifies Dr. Karkarala, Ms. Blackmon, and Dr. Spell on her witness list submitted with the proposed pre-trial order. (R. Doc. 48 at 20).

Taken together, the supplemental disclosures to discovery broadly identified the "subject matter" on which each of these three treating physicians were expected to testify. The supplemental disclosures to discovery did not, however, provide "a summary of the facts and opinions" to which each of these treating physicians is expected to testify. Proper designation of a treating physician as a testifying expert pursuant to Rule 26(a)(2)(C) requires production of "an actual summary of the facts and opinions to which the witness is expected to testify." *Williams v. State*, No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015) (disclosure consisting of medical records alone is insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)).

The foregoing supplemental disclosures—one of which was provided after the deadline to disclose experts—do not satisfy the standard set forth in Rule 26(a)(2)(C). In addition to ignoring the Court's requirement that resumes of experts must be provided to the opposing party, Plaintiff did not provide any summaries of the facts and opinions to which the treating physicians would testify. It is not the duty of an opposing party to sift through medical records to determine the issues a particular treating physician may testify about if ultimately be called to testify as an expert.

7

The Court will now consider each of the appropriate factors in determining whether to allow Plaintiff an extension of the deadline to disclose experts pursuant to Rule 26(a)(2)(C): (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony.

The first factor weighs against Plaintiff. Plaintiff has not satisfactorily explained why she did not specifically and properly disclose her treating physicians as experts within the deadlines provided by the Court. There is no dispute that Plaintiff's counsel's personal loss occurred on February 26, 2016, well after the October 16, 2015 deadline to disclose experts and the deadline to submit expert reports on November 6, 2015, and just days prior to the close of expert discovery on February 29, 2016.

The second and third factors are neutral. Allowing any of Plaintiff's treating physicians to testify as experts would prejudice BMA. BMA has not had the opportunity to designate competing experts in light of the identification of Plaintiff's treating physicians as experts. Furthermore, BMA has not had the opportunity to depose Plaintiff's treating physicians as properly designated experts. Allowing Plaintiff to now identify treating physicians as experts would, at a minimum, require the Court to provide BMA an opportunity to identify competing experts, thus reopening discovery at this late stage. The deadline to file dispositive motions and *Daubert* motions expired months ago. The parties have submitted a proposed pre-trial order. Trial is set to commence on October 3, 2016.

That said, there is sufficient time for BMA to have an opportunity to depose Dr. Karkarala, Ms. Blackmon, and Dr. Spell if desired. Furthermore, an order requiring expedited

discovery regarding these experts and the opportunity for BMA to designate its own experts, if desired, is still possible.

The final factor favors Plaintiff. Plaintiff has provided supplemental responses to interrogatories on October 5, 2015 and October 14, 2015 identifying certain treating physicians / medical personnel and, with regard to Dr. Karkarala, Ms. Blackmon, and Dr. Spell, basic information identifying the subject matter on which they would testify. While it remains unclear what proposed testimony would be provided by Dr. Karkarala, the proposed testimony of Dr. Spell is relevant to Plaintiff's claims regarding her ADA claims and the proposed testimony of Ms. Blackmon is relevant to Plaintiff's mental state resulting from the alleged events. Without allowing Plaintiff to designate these individuals as experts pursuant to Rule 26(a)(2)(C), their testimony will be limited to lay testimony regarding their treatment of the Plaintiff. This may lead to jury confusion. As testifying experts pursuant to Rule 26(a)(2)(C), these treating physicians will be able to testify regarding facts or data obtained or observed in the course of the sequence of events giving rise to the litigation and opinions based on such facts and data. *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013); *see Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996); *Knorr v. Dillard's Store Servs. Inc.*, No. 04-3208, 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005). Such expert testimony is undoubtedly important to Plaintiff.

Given the record, the Court does not find good cause for extending the deadline for Plaintiff to designate experts pursuant to Rule 26(a)(2)(B) or to provide any accompanying expert reports. Similarly, the Court finds no basis for allowing Plaintiff to designate as experts pursuant to Rule 26(a)(2)(C) any of the "potential" experts identified in supplemental discovery

disclosures but not identified as witnesses in the joint proposed pretrial order (namely, Ms. Herrod, Ms. Denicola, and Dr. Ray).

The Court finds good cause, however, for granting Plaintiff the opportunity, on an expedited basis, to properly identify Dr. Karkarala, Ms. Blackmon, and Dr. Spell as experts solely for the purpose of Rule 26(a)(2)(C). To address any prejudice to BMA, the Court will provide BMA a corresponding opportunity to depose Dr. Karkarala, Ms. Blackmon, and Dr. Spell and identify a rebuttal expert if desired. Modification of the trial date may be considered, if deemed necessary.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that BMA's Motion to Exclude Expert Testimony (R. Doc. 30) is **GRANTED IN PART and DENIED IN PART.** Plaintiff will not be allowed to provide any evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence at trial with the exception of any expert testimony offered by Dr. Karkarala, Ms. Blackmon, and Dr. Spell.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension (R. Doc. 39) is **GRANTED IN PART and DENIED IN PART.**

Plaintiff must provide supplemental expert disclosures in conformity with Rule 26(a)(2)(C) for Dr. Karkarala, Ms. Blackmon, and Dr. Spell on or before **August 10, 2016**. No additional expert disclosures are allowed by Plaintiff. The parties shall be prepared to discuss any necessary modifications of the current deadlines in this matter, including the trial date, at the conference currently set for August 11, 2016 at 2:30 p.m. (R. Doc. 17).

Signed in Baton Rouge, Louisiana, on August 1, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

10